NORDLINGER v. UNITED STATES.

(Circuit Court, S. D. New York. June 3, 1895.)

No. 262.

CUSTOMS DUTIES—CLASSIFICATION—LEGHORN CITRON.
"Leghorn citron" was not dutiable under paragraph 302 of the act of 1883, as a "comfit, sweetmeat, or fruit preserved in sugar," but was entitled to free entry as a dried fruit.

This was an application by one Nordlinger, an importer, for a review of the decision of the board of general appraisers sustaining the action of the collector of the port of New York in fixing the rate of duty on certain Leghorn citron.

Albert Comstock (of Comstock & Brown), for importer.
James T. Van Rensselaer, Asst. U. S. Atty., for the United States.

TOWNSEND, District Judge (orally). The article in question is Leghorn citron. The importer claims that, under the provision of paragraph 704 of the tariff act of 1883, it is free of duty as a dried fruit not otherwise specially provided for. The collector classified it for duty under paragraph 302 of said act, as a comfit, sweetmeat, or fruit preserved in sugar. The board of general appraisers sustained the action of the collector, and the importer appeals. This citron is in fact a dried fruit, and is commercially classed among the dried fruits. Sugar is used to preserve it, and in that sense it may be said to fall within the classification of "comfits, sweetmeats, or fruits preserved in sugar," etc. The board of general appraisers heard no evidence and made no finding in regard to its commercial designation, but some 20 witnesses have since been examined upon this question. From such consideration as I have been able to give to their evidence, I conclude that this article is not commercially known as a preserve, and that by the practically universal custom of

the trade it is excluded from the class of "comfits, sweetmeats, and fruits preserved in sugar." I do not find competent evidence to the contrary sufficient to affect the validity of this commercial understanding. The decision of the board of general appraisers is therefore reversed.